UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AIPING LIU,<br><br>       Petitioner,<br><br>v.<br><br>YOLANDA PITTMAN, et al.,<br><br>       Respondents. | Civil Action No. 25-16289 (KSH)<br><br>MEMORANDUM & ORDER |

      Petitioner Aiping Lui is a Chinese National who has a final exclusion order dating back to May 31, 1995. (ECF No. 1, Petition at ¶¶ 2-3, 21.) Over the years, she has repeatedly sought relief from removal, including an application for asylum, two motions to reopen proceedings, and an application for adjustment of status, which have all been denied. (*Id.* ¶¶ 20-26.) On September 26, 2024, she filed a second application for adjustment of status under I-485 and a waiver of inadmissibility under Form I-601. (*Id.* ¶ 27.) On August 18, 2025, she was detained by ICE at her interview in connection with those applications.[1] (*Id.* ¶ 32.) She has filed a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging her detention and, based on "information and belief," her potential removal (*Id.* ¶ 36), prior to the adjudication of those applications. (ECF No. 1.) She has also filed an application for a temporary restraining order ("TRO") and an order to show cause ("OTSC") asking the Court to direct USCIS to adjudicate her pending applications within seven days and to temporarily enjoin her removal, detention, or transfer to maintain the status quo until USCIS decides her applications for relief. (ECF No. 2.)

---

[1] The Petition also lists petitioner's interview and arrest date as October 2, 2025. (*Id.* ¶ 9.)

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), this Court is required to examine a habeas petition prior to ordering an answer and dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court"). The Court has examined this Petition and determined that dismissal prior to the answer is not warranted.

As noted above, petitioner also seeks a TRO or preliminary injunctive relief, asking this Court to direct USCIS to adjudicate her pending applications within seven days and enjoin her removal, detention, or transfer to maintain the status quo until USCIS decides her applications for relief. (ECF No. 2.) "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). To obtain a TRO or preliminary injunctive relief, petitioner must to demonstrate (1) that she is reasonably likely to prevail eventually in the litigation and (2) that she is likely to suffer irreparable injury without relief. If these two threshold showings are made, the District Court then considers, to the extent relevant, (3) whether an injunction would harm respondents more than denying relief would harm the plaintiff and (4) whether granting relief would serve the public interest. *See Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 319–20 (3d Cir. 2020) (citing *A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013)).

The Court denies without prejudice petitioner's request for a TRO or preliminary injunction because she has not shown a likelihood of success on the merits as required to warrant that extraordinary remedy.

Petitioner seeks to enjoin respondents from detaining or removing her but concedes that she has had a final order of exclusion since 1995 and is presumably detained under 8 U.S.C. § 1231. She contends that her detention is unlawful because the "removal period" elapsed years ago and she is not a flight risk or dangerous, but § 1231 does not mandate petitioner's release on that basis. Section 1231(a)(1)(A) states that "when [a noncitizen] is ordered to be removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days." If the noncitizen is not removed after the 90-day period expires, she "may be detained beyond the removal period and, if released, shall be subject to the terms of supervision" outlined in the statute. 8 U.S.C. §§ 1231(a)(1), (6) (emphasis added). In *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), the Supreme Court held that the INA's post-removal-period detention provision contains an implicit reasonableness limitation of six months, after which a noncitizen may not continue to be detained if "there is no significant likelihood of removal in the reasonably foreseeable future." Here, petitioner has been detained for less than two months (or one week, *see* fn 1 above), and, thus, the length of her detention is not presumptively unreasonable under *Zadvydas* and does not violate due process.

Petitioner also contends, however, that she may not be detained or removed from the United States before USCIS adjudicates her I-485 and I-601 applications, citing to the Administrative Procedures Act ("APA") and due process concerns. But petitioner cites no direct legal authority for the proposition that her detention or removal before USCIS decides these applications is unlawful. Nor does she address whether this Court has the authority to enjoin

3

respondents, even temporarily, from executing her exclusion order. *See Tazu v. Att'y Gen.*, 975 F.3d 292, 297 (3d Cir. 2020) ("The plain text of [8 U.S.C.] § 1252(g) covers decisions about whether and when to execute a removal order" and "funnels jurisdiction over that challenge into a petition for review in a single court of appeals.").

Finally, petitioner has not shown a likelihood of success on her mandamus or APA claims seeking an order directing USCIS to immediately adjudicate her applications for adjustment of status and waiver of admissibility, because she has not sufficiently addressed whether USCIS has a nondiscretionary duty to decide her applications (which have been pending approximately one year) within a particular time frame or at all. *See, e.g.*, *Kale v. Mayorkas*, 2021 WL 2652124, at *3-4 (D.N.J. Jun. 28, 2021) (noting the "litany" of Third Circuit and New Jersey district court decisions finding that "that USCIS does not have a non-discretionary duty to adjudicate I-485 applications" and need not decide them within a specific timeframe).

For all these reasons, the Court denies without prejudice petitioner's motion for a TRO or preliminary injunctive relief.

The Court directs Respondents to file their answer within 21 days. Petitioner may file her reply brief within 21 days thereafter. The Court will decide the Petition once the briefing is complete.

**THEREFORE**, it is on this 8th day of October 2025,

**ORDERED** that, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), this Court has examined the Petition and determined that dismissal of the Petition prior to submission of an answer and the record is not warranted; and it is further

**ORDERED** that petitioner's motion for a TRO or a preliminary injunction (ECF No. 2) is denied without prejudice because she has not shown a likelihood of success on the merits with respect to her claims; and it is further

**ORDERED** that the Clerk of the Court shall serve copies of the Petition and this Order upon respondents by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition and this Order to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that within 21 days, respondent shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition; and it is further

**ORDERED** that the answer shall state the statutory authority for petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record; and it is further

**ORDERED** that respondent shall raise in the answer any appropriate defenses and relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that respondent shall electronically file with the answer certified copies of the administrative record and all other documents relevant to petitioner's claims; and it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that petitioner may file and serve a reply in support of the Petition within 21 days after the answer is filed; and it is further

**ORDERED** that within 7 days after any change in petitioner's custody or immigration status (be it release or otherwise) <u>occurring any time during the pendency of this case</u>, respondents shall electronically file a written notice of the same with the Clerk of the Court.

<i>s/Katharine S. Hayden</i><br>
Katharine S. Hayden, U.S.D.J.